**NOT FOR PUBLICATION**

FILED

UNITED STATES COURT OF APPEALS

JUN 18 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DAVID MICHAEL YOUNGER,<br><br>              Plaintiff-Appellant,<br><br>  v.<br><br>G. WIELENGA, Captain for S.B. County Sheriffs Dept., in his/her individual capacity; et al.,<br><br>              Defendants-Appellees. | No. 18-55948<br><br>D.C. No. 5:15-cv-01964-SVW-JC<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
Stephen V. Wilson, District Judge, Presiding

Submitted June 11, 2019**

Before:    CANBY, GRABER, and MURGUIA, Circuit Judges.

David Michael Younger, a federal prisoner and former pretrial detainee,

appeals pro se from the district court's summary judgment in his civil rights action

brought under *Bivens v. Six Unknown Named Agents of Federal Bureau of*

---

    \*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    \*\*      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

*Narcotics*, 403 U.S. 388 (1971), alleging that defendants' surveillance policy violated his rights to bodily privacy and religious freedom. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Torres v. City of Madera*, 648 F.3d 1119, 1123 (9th Cir. 2011). We affirm.

To the extent that a *Bivens* remedy exists for Younger's Fourteenth Amendment right to bodily privacy claim and First Amendment free exercise claim, the district court properly granted summary judgment because Younger failed to raise a genuine dispute of material fact as to whether defendants' policy was not reasonably related to legitimate penological interests. *See Turner v. Safley*, 428 U.S. 78, 89-91 (1987) (stating that a regulation impinging on First Amendment rights is valid if it is reasonably related to legitimate penological interests and articulating the factors for determining whether a prison regulation is reasonably related to a legitimate penological interest); *Byrd v. Maricopa Cty. Bd. of Supervisors*, 845 F.3d 919, 923 (9th Cir. 2017) (applying *Turner* rational relationship test to pretrial detainee's right to bodily privacy claim, and explaining that prison policy that allows for infrequent, irregular, or from a distance observation may not constitute a constitutional violation); *see also Ziglar v. Abassi*, 137 S. Ct. 1843, 1857 (2017) (cautioning against further extensions of *Bivens* to

"new" contexts and requiring a special factors analysis before extending the *Bivens* remedy).

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**